UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OREN DEAN DIPIERRO, | : | CIVIL NO. 3:12-CV-0208 |
| Petitioner, | : | (Judge Mariani) |
| v. | : | |
| DUKE TERRELL, | : | |
| Respondent. | : | |

## MEMORANDUM

### I. Introduction

Petitioner Oren Dean DiPierro ("Petitioner" or "DiPierro"), an inmate presently confined at the Federal Transfer Center in Oklahoma City ("FTC Oklahoma City"), initiated the above action pro se by filing a Petition for Writ of Habeas Corpus ("Petition') under the provisions of 28 U.S.C. § 2241. (Doc. 1.) DiPierro challenges the calculation of his federal sentence, and specifically, the appropriateness of sanctions imposed on him by a Discipline Hearing Officer ("DHO"), including the loss of good conduct time, following disciplinary proceedings that took place while he was confined at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania ("FCI Schuylkill").

At the time of filing on January 20, 2012, DiPierro was confined at the Metropolitan Detention Center Brooklyn ("MDC Brooklyn") in Brooklyn, New York, and filed his Petition in the United States District Court for the Eastern District of New York. By Order dated February 2, 2012, the case was transferred to this Court based upon the transferring court's determination that, because DiPierro was complaining about "poor treatment" he received from the DHO and other

staff at FCI Schuylkill, which is located within the Middle District of Pennsylvania, venue for his "complaint" is properly in this District. (See 2/1/2012 Docket Entry.)

Following the opening of this case in this Court on February 2, 2012, by Order dated February 6, 2012, Respondent was directed to show cause on or before February 27, 2012 why Petitioner should not be granted habeas corpus relief. (Doc. 6.) The Order also provided that Petitioner may file a reply to the response within fourteen (14) days of its filing. On February 27, 2012, Respondent filed a Response to the Petition in which his principal argument is that this Court should transfer the Petition back to the United States District Court for the Eastern District of New York because this Court lacks jurisdiction over DiPierro's custodian.[1] (See Doc. 13 at 8-9.)

Presently before the Court are Motions filed by DiPierro requesting an Order preventing his transfer during the pendency of this action (Doc. 11) and requesting an extension of time to file his reply brief (Doc. 14). Because DiPierro already has been transferred from MDC Brooklyn, we shall deny as moot his Motion requesting an Order preventing his transfer. Further, for the reasons set forth below, we agree with Respondent's contention that we lack jurisdiction over the instant Petition, and therefore, we shall deny DiPierro's Motion for an extension of time to file a reply as moot, and the Petition will be dismissed without prejudice to DiPierro's right to re-file it in the appropriate district.

---

[1] At the time of filing of the Response, DiPierro still was confined at MDC Brooklyn. Alternatively, Respondent argues that the Petition should be dismissed because DiPierro failed to exhaust administrative remedies prior to filing the Petition, or that the Petition should be denied on the merits. (See Doc. 13 at 7, 9-15.)

## II. Discussion

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petition is within a court's jurisdiction when the court has jurisdiction over the petitioner's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld, 542 U.S. at 447.

At the time of filing, DiPierro was confined at MDC Brooklyn, which is located within the jurisdiction of the United States District Court for the Eastern District of New York, and thus he properly filed his Petition with that Court because only that Court had jurisdiction over Respondent, the Warden of MDC Brooklyn. The transferring court accurately states in its transfer order that DiPierro's Petition challenges sanctions that were imposed following disciplinary proceedings that took place while he was confined in this District and that he attributes the harshness of the sanctions to the FCI Schuylkill staff's perception of him as a "jailhouse lawyer." However, in seeking a writ of habeas corpus, DiPierro is not challenging the circumstances surrounding the events that led to the sanctions that were imposed. Rather, he is challenging the effect of those sanctions, and specifically the loss of good conduct time, on his present physical confinement. DiPierro now is confined in FTC Oklahoma City, which is within the jurisdiction of the United States

3

District Court for the Western District of Oklahoma. Because DiPierro continues to be confined under the authority of a custodian who is not located in this District, this Court lacks jurisdiction over DiPierro's custodian, and thus, we have no authority to grant him the relief he seeks in the form of the issuance of a writ of habeas corpus. Consequently, we must dismiss the Petition.

Title 28 U.S.C. § 1406(a) provides that, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In his most recent submission to the Court dated March 5, 2012, DiPierro states that, on March 4, he was informed that he was designated to be transferred to the United States Penitentiary in Marion, Illinois. (See Doc. 14 at 1.) Thus, it would appear that his confinement at FTC Oklahoma City is temporary. We therefore find that it is not in the interest of justice to transfer this case to the Western District of Oklahoma, and to account for the possibility that his designation may have changed since his last contact with the Court, we also will not transfer this case to the Southern District of Illinois. Instead, we shall dismiss this case without prejudice to DiPierro's right to re-file it in the appropriate district such that, following his transfer to his ultimate destination, he may choose to file it in the District Court having jurisdiction over his new custodian. In addition, because he filed for in forma pauperis status before he paid the $5.00 filing fee, and because he properly filed his Petition in the first instance in the appropriate district, we shall grant DiPierro's Motion for in forma pauperis status for the sole purpose of filing the Petition, and we shall direct the Clerk of Court to provide a refund to DiPierro in the amount of $5.00. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OREN DEAN DIPIERRO, | : | CIVIL NO. 3:12-CV-0208 |
| Petitioner, | : | (Judge Mariani) |
| v. | : | |
| DUKE TERRELL, | : | |
| Respondent. | : | |

ORDER

AND NOW, to wit, THIS 15th DAY OF MARCH, 2012, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Petitioner's Motion for leave to proceed in forma pauperis (Doc. 9) is **GRANTED** for the sole purpose of filing the Petition.

3. The Clerk of Court shall **REFUND** the $5.00 fee paid by DiPierro to him forthwith.

4. All other pending Motions are **DENIED** as moot.

5. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge